Wen v. Lynch

BIA
Sichel, IJ
A089 094 904

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of August, two thousand sixteen.

PRESENT:
> JON O. NEWMAN,
> DENNIS JACOBS,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

MING ZHAONG WEN, AKA MING DONG WENG,
> *Petitioner*,

v.                                             **15-3026**
                                               **NAC**

LORETTA E. LYNCH, UNITED STATES ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:          David A. Bredin, Law Office of David A. Bredin, Flushing, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Brianne Whelan Cohen, Senior Litigation Counsel; Mona Maria Yousif, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED**.

Petitioner Ming Zhaong Wen, a native and citizen of the People's Republic of China, seeks review of a September 3, 2015, decision of the BIA affirming a November 12, 2013, decision of an Immigration Judge ("IJ"). The IJ denied Wen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ming Zhaong Wen,* No. A089 094 904 (B.I.A. Sept. 3, 2015), *aff'g* No. A089 094 904 (Immig. Ct. N.Y. City Nov. 12, 2013). The IJ found that Wen's application, which was based on his fear of persecution in China because he is a Christian, was not credible. We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA "adopted the conclusions of the IJ and upheld its adverse credibility finding," and thus we have "review[ed] the decision of the IJ as supplemented by the BIA." *Xian Tuan Ye v. DHS*, 446 F.3d 289, 293 (2d Cir. 2006). "We review the IJ's factual findings, including [its] adverse credibility determinations, under the substantial evidence standard." *Id.* at 294. *See also* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The REAL ID Act governs Wen's asylum application. Thus, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on" inconsistencies in an "applicant's or witness's . . . statements" and other

2

record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163 n.2. "In cases like this one, in which the IJ bases [its] denial of asylum on a finding that a petitioner's application is not credible, our review is especially limited and highly deferential." *Ying Li v. Bureau of Citizenship & Immigration Servs.*, 529 F.3d 79, 81 (2d Cir. 2008).

Substantial evidence supports the agency's adverse credibility determination. The IJ pointed to several inconsistencies in Wen's testimony and issues with the testimony of Zhi Jing Chen, a deacon at the church that Wen claims to attend. Chen's testimony differed from her own affidavit and from Wen's testimony. *See Xiu Xia Lin*, 534 F.3d at 163-64. Wen testified that he attended church in Brooklyn, but that his wife was not a Christian and had never attended church with him. This testimony conflicted with Chen's affidavit, which stated that Wen sometimes brought his wife to church. The IJ was not required to accept Wen's later explanation that he did, in fact, bring his wife to church once and that Chen may have seen her outside the church on that occasion. That later explanation conflicted with his prior testimony, as well as with Chen's testimony that she did not even know that Wen was married. *See Majidi v. Gonzales*, 430 F.3d 77, 81 (2d Cir. 2005) ("We hold that an IJ may rely on an inconsistency in an asylum applicant's account to find that applicant not credible . . . ."). Moreover, Chen's initial testimony at the hearing conflicted with her written statement. The IJ was not required to credit the later testimony, offered

3

after a recess, in which Chen altered her testimony and stated that she remembered Wen bringing his wife to church on Father's Day. That attempt to harmonize prior testimony did not adequately explain Chen's prior statement that she did not even know that Wen was married.

The IJ reasonably relied on these inconsistencies to find that Wen was not credible, a finding that affected the entirety of his application. The IJ reasonably concluded that those inconsistencies reflect an attempt to fabricate Wen's church attendance in the United States. Moreover, it was reasonable for the IJ to infer that the post-recess changes in Chen's testimony reflect an attempt to harmonize inconsistent evidence rather than relate relevant facts. The IJ did not err in concluding that this credibility ruling was dispositive. "[A] single instance of false testimony may . . . infect the balance of the alien's uncorroborated or unauthenticated evidence," justifying the "application of the maxim *falsus in uno, falsus in omnibus* [false in one thing, false in everything]." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007).

The IJ also reasonably concluded that Wen's lack of corroborating evidence further undermined his credibility. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility . . . ."). Wen submitted letters from his wife, father, cousins, a friend, and several churches that he attended in the United States. He also submitted a receipt for a fine from China, which was imposed because of his attendance at an illegal underground gathering. Generally, an IJ

4

may give limited weight to letters from interested witnesses not subject to cross-examination. *In re H-L-H & Z-Y-Z*, 25 I. & N. Dec. 209, 215 (BIA 2010), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Wen argues that his wife and cousin were in court and willing to testify, failing to do so only because the parties stipulated that the testimony would be consistent with the letters. Thus, Wen argues, the IJ should not have relied on the inability to cross examine the witnesses in assigning the letters less evidentiary weight. Given, however, that Wen's entire testimony had already been called into question because he showed a willingness to fabricate testimony to avoid removal, the IJ was entitled to give limited weight to evidence from parties with an interest in helping Wen remain in the United States. *See Siewe*, 480 F.3d at 170. Moreover, the IJ reasonably found limited evidentiary value in the church letters because they were preprinted forms in which someone had filled out Wen's name, birthdate, and a date that he started attending church. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006) (discussing the IJ's discretion to assign limited evidentiary weight to corroborative documents). Finally, the fine receipt, while evidencing that a fine was paid, did not resolve the other inconsistencies in Wen's testimony.

Given the inconsistencies in Wen's testimony, the lack of corroborating evidence to support his claims, and the discrepancies in Chen's statements, the "totality of the circumstances" supports the IJ's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. The IJ provided "specific, cogent reasons for the adverse credibility finding." *Id.* at

That adverse credibility determination is dispositive of asylum, withholding of removal, and CAT relief, because all three claims relied on Wen's credibility. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk